IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEANGELO EDWARDS, # 271278, ) | |
| a.k.a., Deangelo Edwards-Bey, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:19-CV-701-ECM-SMD |
| ) | [WO] |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 9, 2019, Petitioner, an Alabama inmate at the Elmore Correctional Facility, filed what appeared to be a petition for writ of habeas corpus challenging an order by the Lee County Circuit Court revoking Petitioner's probation.[1] (Doc. 1). However, Petitioner did not submit the $5.00 filing fee for a habeas action, nor did he submit a proper application for leave to proceed *in forma pauperis*. On October 31, 2019, this court entered an order directing Petitioner to either submit the $5.00 filing fee by November 15, 2019, or file by that same date an appropriate affidavit supporting a motion to proceed *in forma*

---

[1] Although the petition was date-stamped as received in this court on September 20, 2019, Petitioner represents that he signed the petition for submission on September 9, 2019. (Doc. 1) at 2. Under the prison mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

*pauperis*.² (Doc. 3). The court specifically cautioned Petitioner that his failure to comply with its order would result in a recommendation that his case be dismissed. (*Id*.) at 2.

The requisite time passed without Petitioner's compliance with this court's order of October 31, 2019, by either submitting the filing fee or filing an affidavit supporting a motion to proceed *in forma pauperis*. Consequently, on November 27, 2019, the Magistrate Judge entered a Recommendation that Petitioner's case be dismissed without prejudice because Petitioner failed to comply with the orders of this court. (Doc. 5).

On December 4, 2019, Petitioner filed a document in which he stated that he did not timely receive this court's order of October 31, 2019. (Doc. 6) at 2. In light of Petitioner's statement, the Recommendation of the Magistrate Judge entered on November 27, 2019, was withdrawn. (Doc. 7).

On January 24, 2020, this court entered an order granting Petitioner an extension to and including February 10, 2020, to either submit the $5.00 filing fee or file an appropriate affidavit supporting a motion to proceed *in forma pauperis*.³ (Doc. 8). Once again, the

---

² The court's order directed the Clerk of Court to send Petitioner a form for use in filing a motion to proceed *in forma pauperis.* (Doc. 2) at 2. The court also advised Petitioner that his properly completed motion to proceed *in forma pauperis* must include a prison account statement from the account clerk at the Elmore Correctional Facility containing the account clerk's certified statement of the balance in Petitioner's prison account when he filed his habeas petition. (*Id*.).

³ The court again directed the Clerk to send Petitioner a form for use in filing a motion to proceed *in forma pauperis and* advised Petitioner that his completed motion to proceed *in forma pauperis* **must include** a prison account statement from the account clerk at the Elmore Correctional Facility containing the account clerk's certified statement of the balance in Petitioner's prison account when he filed his habeas petition. (Doc. 8) at 2.

court specifically cautioned Petitioner that his failure to comply with its order would result in a recommendation that his case be dismissed. (*Id.*) at 2.

The requisite time has passed, and, once again, Petitioner has failed to comply with this court's order by either submitting the filing fee or filing an affidavit supporting a motion to proceed *in forma pauperis*. Consequently, this court concludes that dismissal of this case without prejudice is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice because Petitioner has failed to comply with the orders of this court that he either submit the filing fee or file an affidavit supporting a motion to proceed *in forma pauperis*.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 12, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of February, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE